KINARD & SON, for use, etc. *v.* MANGHAM, administrator.

LUMPKIN, J. In 1893 the county court existing in Butts county was abolished, and the records of that court were directed to be delivered to the clerk of the superior court (Acts 1893, p. 372). In 1900 a special act was passed by the legislature, creating a county court of Butts county (Acts 1900, p. 151). It declared that such court should have the powers mentioned in sections 4170 to 4217, inclusive, of the Civil Code. But it also contained a number of special provisions, naming the judge and solicitor who should first serve, providing salaries, etc. It made no reference to any succession to the business or records of the original county court. *Held,* that the new county court thus established by special act was not identified with the former which had been abolished, either as a revival of it or as a successor of its business, and the latter court had no jurisdiction by scire facias to revive a judgment which had been rendered in the former. A judgment of revival, by the second county court, of a judgment rendered in the original county court was a mere nullity, and a levy of an execution issued therein could be successfully met by an affidavit of illegality.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur, except Beck, J., absent.*

> AUGUST 10, 1910.

· Illegality of execution. Before Judge Reagan. Butts superior court. February 18, 1909.

*James F. Carmichael* and *Lane & Park,* for plaintiffs.

*Y. A. Wright, J. T. Moore,* and *O. M. Duke,* for defendant.